CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARY HOELMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:12-cv-00042 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LEONARD LIPMAN, ) | |
| ) | |
| and ) | |
| ) | |
| CAROL LIPMAN, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

In this diversity action, Mary Hoelman ("Hoelman" or "plaintiff") seeks to recover for personal injuries sustained when she was attacked and bitten by a 110 pound German Sheppard dog cared for by the defendants, Leonard and Carol Lipman ("Lipmans" or "defendants"). The defendants filed a motion for summary judgment, and the court heard oral argument on June 10, 2013. For the reasons that follow, the court will deny the defendants' motion.

I.      **Factual Background**

The record reveals the following relevant facts, presented in the light most favorable to the plaintiff. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (holding that in considering a motion for summary judgment "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party"). On August 29, 2010, Mary Hoelman was bitten by the defendants' dog, named Grendel, in the foyer of a rental home on Lake Anna in Louisa County, Virginia.[1] The residence had been rented by the Lipmans for the week as a vacation retreat to enjoy with their son-in-law, Robert "Bob" Klein, their daughters,

---

[1] The Lipmans' adult daughter, Bethany, owns Grendel. Both Bethany and Grendel live with the defendants in their New Jersey home, and the defendants care for Grendel.

Sarah Klein and Bethany Lipman, their two young grandchildren, and their two German Sheppards, Grendel and Branwen. (Docket No. 15-1 at 14-22.)

Hoelman, who owns a cleaning services company, arrived at the residence between 11:00 a.m. and 11:30 a.m. that day to gather laundry and deliver a pillow. (Docket No. 10-3 at 12-13.) Earlier that morning, one of Hoelman's employees had arrived to clean the residence, but was asked by the defendants to return at a later time because they were not finished packing. (Id. at 11.) After arriving, but before entering the residence, she encountered Klein in the driveway packing a vehicle. (Id. at 13.) He told Hoelman that the family was about to leave and she should just go in the house and do what she needed to do. (Id.) Hoelman followed Klein into the residence, and upon entering she immediately saw two dogs, one of which was growling and lunging toward her. (Id.) The dog, later identified as Grendel, immediately attacked Hoelman and bit her in the right forearm. (Id. at 15.)

Hoelman later testified that as she approached the residence, she saw that the wooden front door to the house was open, but the see-through screen door was closed. (Id.) However, she was unable to see the dogs prior to entering because her vision was obstructed by Klein's body. (Id. at 15.) After the incident, the defendants joined Hoelman on the front porch, and Carol Lipman told her that she was the second person that Grendel had bitten.[2] The plaintiff alleges that, because of the bite, she sustained serious injuries and has incurred ongoing medical expenses.

---

[2] On December 3, 2004, Grendel bit the Lipmans' then sister-in-law, Stella Reinwald, when she crossed the threshold of the Lipmans' New Jersey home. The 2004 bite mirrored this incident, yet it went unreported to authorities and the sister-in-law did not seek money damages. (Docket No. 15-3 at 6.) It does not appear that Grendel was formally declared a "dangerous dog" by a court in either New Jersey or Virginia, but by virtue of his previous attack on a person, Grendel meets the definition of a "dangerous dog" under Virginia law. See Va. Code § 3.2-6540(A) ("'Dangerous dog' means a canine or canine crossbreed that has bitten attacked or inflicted injury on a person . . . .").

2

## II. Discussion

### 1. Legal Standard

The court may grant summary judgment only when, viewing the record as a whole and in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the nonmoving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir.1985). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 2. Analysis

This case is governed by principles of Virginia premises liability law.[3] The injury occurred after Hoelman was invited by Klein into the defendants' rental residence. As such, the court believes that Hoelman is properly classified as an invitee for standard of care purposes. Under Virginia law, "[a] lessee, as possessor and occupant of leased premises, owes the same duty to its invitees as an owner owes to its own invitees." Appalachian Power Co. v. Sanders, 232 Va. 189, 194 (1986). Both lessees and owners of property "are chargeable with constructive as well as actual knowledge of the condition of the property," and are "subject to liability" for an invitee's injury that results from "an unsafe condition (one which was not open and obvious to the invitee) if the inviter knew it existed, or by the exercise of reasonable care should have discovered its existence, and failed to remedy the condition or otherwise to protect the invitee against the danger." Id.

---

[3] When a federal court's jurisdiction rests on diversity of citizenship, the court must apply the substantive law of the forum state, including the forum state's choice of law rules. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Ferens v. John Deere Co., 494 U.S. 516, 519, 531 (1990). Virginia follows the lex loci choice of law doctrine, which applies the substantive law of the place of the wrong. Frye v. Commonwealth, 231 Va. 370, 375 (1986). The injury in this case occurred in Virginia, and so any potential liability is governed by Virginia law.

3

To succeed on her negligence claim, Hoelman must ultimately prove the following elements: "(1) the identification of a legal duty of the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff proximately caused by the breach." See Talley v. Danek Med., Inc., 179 F.3d 154, 157 (4th Cir. 1999). Cases dealing specifically with domestic animals have held that an owner must exercise ordinary care to keep the animal from injuring others. See Stout v. Bartholomew, 261 Va. 547, 557. Generally speaking, under Virginia law, issues of reasonable care and negligence are fact questions best resolved by the jury. Even though negligence can be determined as a matter of law, Virginia adheres to the principal that "[a] court should not determine as a matter of law that a party is guilty of or free from negligence unless the evidence is such that reasonable [persons], after weighing the evidence and drawing all just inferences therefrom, could reach but one conclusion." Loving v. Hayden, 245 Va. 441, 444 (1993) (citations omitted) (second alteration in original).

The defendants advance three arguments as to why summary judgment should be granted in their favor. First, in a position raised for the first time at oral argument, the defendants assert that as lessees of the residence, they owed no duty to Hoelman because she was contracted by the owners to clean the residence in between visitors' stays. As such, the defendants argue that only the owner of the residence owed Hoelman a duty.

The court disagrees. The defendants' position ignores the fact that Klein—as an occupier of the residence—affirmatively invited Hoelman into the house when she arrived at the residence. This alone established Hoelman as an invitee. See Bauer v. Harn, 223 Va. 31, 37 (1982) ("A person is an invitee when the landowner or occupier has extended an express or implied invitation to the visitor and the visitor enters pursuant to the invitation."); see also Appalachian Power Co., 232 Va. at 194 ("A lessee, as possessor and occupant of leased

4

premises, owes the same duty to its invitees as an owner owes to its own invitees."). The defendants have not offered any case law in support of their theory—an argument the court interprets as akin to a privity of contract requirement—and the court is convinced that no such constraint exists in the premises liability context.

The defendants next argue that if the court were to determine they owed a legal duty to Hoelman, they satisfied that duty by exercising ordinary care in securing Grendel inside the residence. Mrs. Lipman testified that just prior to Hoelman's arrival, the dogs were in the kitchen of the residence, clad with leashes and electronic collars, ready to be put in the car. They argue that they did not expect the plaintiff to enter the house before they left, and that they had no time to react by securing Grendel in a closed room, their normal practice when strangers visit their residence in New Jersey. They contend that keeping the dog inside the home—as opposed to roaming the yard—constitutes the exercise of ordinary care.

The court does not agree that the defendants have established as a matter of law that they exercised ordinary care. First, as mentioned above, such questions are by and large the province of the fact finder. Only in extraordinary cases, where a defendant's conduct could not possibly be said to be unreasonable, should the court decide the plain question of negligence as a matter of law. City of Bedford v. Zimmerman, 262 Va. 81, 86 (2001); Hayden, 245 Va. at 444; J & E Express, Inc. v. Hancock Peanut Co., 220 Va. 57, 62 (1979). In this case, whether the defendants were negligent in allowing Grendel to bite Hoelman is a fact question that must be resolved by the jury. Both of the Lipmans' dogs were in the kitchen at the time Hoelman entered, and because there is no door separating the kitchen from the front room of the residence, Grendel simply walked into the front foyer area where he bit Hoelman. The court believes that reasonable minds could differ over whether securing Grendel in such a manner constituted

ordinary care. A jury could determine that, given Grendel's past, the dog needed to be secured in a separate room, as was the Lipmans' customary practice in their home in New Jersey when expecting visitors; or that the defendants were required to take any other, more severe precautions. The defendants simply have failed to establish that the steps they took in securing Grendel constituted ordinary care as a matter of law.

Finally, the defendants argue that they were not a proximate cause of Hoelman's injuries, or, alternatively, that Klein's actions constituted a superseding cause of the accident that absolves them of any liability. "The proximate cause . . . is the act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which the event would not have occurred." Doherty v. Aleck, 273 Va. 421, 428 (2007). A superseding cause, on the other hand, only exists when the action "constitutes a new effective cause and operates independently of any other act, making it and it only the proximate cause of injury." Kellerman v. McDonough, 278 Va. 478, 494 (2009) (quotation marks and citation omitted). Further, "not every intervening cause is a superseding cause. In order to relieve a defendant of liability for his negligence, negligence intervening between the defendant's negligence and the injury must so entirely supersede the operation of the defendant's negligence that it alone, without the defendant's [negligence contributing] thereto in the slightest degree, produces the injury." Id. (quotation marks and citation omitted). The Lipmans argue that Klein was aware of Grendel's violent propensities, and that he was thus negligent in allowing Hoelman to enter the residence without first notifying the Lipmans. The defendants contend that this negligent act constituted either the actual proximate cause of the injury, or a superseding cause that independently caused the injury.

The court disagrees on both counts. First, the defendants overlook the well understood proposition that there can be more than one proximate cause of an event. Panousos v. Allen, 245 Va. 60, 65 (1993). So, even if Klein's actions contributed to the injury, any steps the defendants failed to take in the exercise of ordinary care in securing the dog may still be an "omission which, in natural and continuous sequence, . . . produce[d] the event, and without which the event would not have occurred." Doherty, 273 Va. at 428.

Secondly, the defendants have failed to present sufficient evidence establishing Klein's actions as a superseding cause of the plaintiff's injuries. The court notes that there is a factual dispute as to exactly what Klein knew of Grendel's past. The defendants testified that they told Klein about Grendel's 2004 bite, and that he was aware that the dog presented a potential danger. The plaintiff, on the other hand, points to the lack of evidence of specific conversations that the defendants had with Klein regarding the dog's behavior. This factual dispute, which cannot be resolved on summary judgment, is important in determining to what extent, if any, Klein was negligent, and, thus, whether his negligence effectively superseded that of the defendants. Moreover, the defendants have simply failed to prove that any negligence on the part of Klein was so great that it entirely displaced the defendants' actions in contributing to the harm. Even if Klein was negligent in allowing Hoelman to enter the residence without first notifying the occupants, a reasonable jury could still determine that the defendants should have taken additional steps in securing Grendel, and that doing so likely would have prevented the injury from occurring.

In any event, issues of causation are generally fact questions to be resolved by the jury. Howell v. Sobhan, 278 Va. 278, 284 (2009) ("The issue of proximate causation, like that of negligence, is ordinarily a question of fact for a jury to decide.") (citing Brown v. Koulizakis,

229 Va. 524, 532 (1985)). The evidence in this case presents questions of fact as to what role the defendants and Klein played in bringing about the plaintiff's injuries, questions which must be resolved by the fact finder at trial.

**III.     Conclusion**

Based on the foregoing analysis, the court believes material questions of fact exist in this case as to the exercise of ordinary care and matters of causation. As such, the court will deny the defendants' motion for summary judgment.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

**ENTER**: This 19th day of July, 2013.

/s/ Glen Conrad
Chief United States District Judge